IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LANA R. THOMAS,<br><br>                     *Plaintiff,*<br><br>        v.<br><br>ROCKBRIDGE REGIONAL JAIL,<br><br>                     *Defendant.* | CIVIL NO. 6:14CV00026<br><br>**MEMORANDUM OPINION<br>AND ORDER**<br><br>JUDGE NORMAN K. MOON |

The pro se Plaintiff has filed an application to proceed without prepaying fees or costs, along with various other documents, described herein, which I will construe as a complaint. I hereby grant Plaintiff's motion and dismiss the complaint pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted.

**I.**

A summary of the contents of Plaintiff's documents follows:

- A letter, dated June 26, 2014, from the Office of the Clerk of the United States District Court for the Western District of Virginia in Roanoke informing Plaintiff that documents she had submitted "do not meet our requirements for filing a new civil case." The letter further informs Plaintiff that, among other things, she "will need to submit a complaint." The letter states that the respondent had "enclosed a pro se handbook [that would] instruct [Plaintiff] on what [she would] need to submit to have a new civil case filed in our court."

- A copy of a Rockbridge Regional Jail inmate grievance form, dated July 25, 2012, wherein Plaintiff stated that she had been handled roughly when she "was brought into the Jail 7-21-2012." She complained that her left arm was hurt and that the officer who mistreated her falsely stated that she had "refused medical." She claimed that her ribs felt like they were "cracked or bruised badly," that she had spoken to two nurses but no doctors, and that she "still [had] headaches due to [her] head being ramed [sic] in the wall." She added that she was "still in lots of pain with head ribs leg left wrist have lots of brusing [sic]," but that she "was not drunk or I'd fault [sic] back." The grievance form includes a response from a lieutenant at the jail, stating that Plaintiff was "on the list to see the doctor tomorrow." Plaintiff signed an

acknowledgment of the response, stating that she did "not wish to appeal this decision."

- A copy of a Rockbridge Regional Jail inmate grievance form, dated August 1, 2012, wherein Plaintiff complained that she "filed to see a Dr.," that "Nurse Penny came in the cell and told the girls some one had told on someone." Plaintiff added that she "saw a Dr.," "but the Dr's orders were not carried out." The grievance form includes a response from a lieutenant at the jail, stating that Plaintiff had "an appt. set up for x-ray." Plaintiff signed an acknowledgment of the response, stating that she was not "satisfied with the above answer or response" and marking the form to indicate that she "wish[ed] to appeal this decision."

- An inventory form listing the property that was seized when Plaintiff was booked on July 21, 2012. It states that Plaintiff did not sign the receipt because she was "too inebriated."

- Two of four pages of discharge instructions from Baptist Regional Medical Center in Corbin, Kentucky, dated September 5, 2012. The instructions state that Plaintiff had been treated for "[a]cute exacerbation of COPD" and "[m]ultiple contusions of right lower leg and left wrist."

- Seven of nine pages of discharge instructions from Wake Emergency Physicians in Cary, North Carolina. It states that Plaintiff was diagnosed with a wrist sprain and a contusion.

## II.

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). "[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and 'to exclude suits that have no arguable basis in law or fact.'" *Eriline*, 440 F.3d at 656 (quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)).

As it stands, Plaintiffs documents do not include a complaint,[1] and she fails to state a legal claim upon which relief may be granted. Principles requiring generous construction of pro se pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). And, although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them."[2] *Beaudett*, 775 F.2d at 1278 (adding that "[d]istrict judges are not mind readers").

---

[1] Indeed, Plaintiff's filings do not name a proper defendant. Even if Plaintiff's filings were generously construed as alleging that her civil rights were violated when she was an inmate at Rockbridge Regional Jail, a jail is not a "person" subject to suit for violations of an inmate's civil rights. *See McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890, 893 (E.D. Va. 1992) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989)).

[2] A court is not obliged to ferret through a complaint, searching for viable claims. *See Holsey v. Collins*, 90 F.R.D. 122 (D. Md.1981) (although pro se complaint contained potentially viable claims, the court properly dismissed without prejudice under Rule 8 of the Federal Rules of Civil Procedure because voluminous, repetitive, and conclusory complaint is not a "short and plain statement" of facts and legal claims; the court specifically observed that dismissal under Rule 8 was proper because such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir. 1988). In the context of Rule 8, it is clear that a plaintiff must provide enough detail to illuminate the nature of the claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). As previously noted, Plaintiff's documents do not name a proper defendant who could respond.

The complaint does not comply with the requirements of Rule 8. Rule 8(a)(1) calls for "a short and plain statement of the grounds for the court's jurisdiction," Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each averment of a pleading be "simple, concise, and direct." A pleading "does not have to set out in detail the facts on which the claim for relief is based," 2 Moore's Federal Practice ¶ 8.04[1], at 8-22 (3d ed. 2002), but must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the complaint is not a "short and plain statement," nor is it "concise and direct," as required by Rule 8, and it could be dismissed on that alternative ground. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

Plaintiff is advised that, although "detailed factual allegations" are not required, her "obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; in other words, her "factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Accordingly, courts are entitled to dismiss claims when the pleadings are "conclusory." *Id.*, 556 U.S. at 681 ("To be sure, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

### III.

For these reasons, the motion to proceed in forma pauperis is **GRANTED**, and the Clerk of the Court is **DIRECTED** to file Plaintiff's filings as a complaint, which is hereby **DISMISSED without prejudice**, and the case is **STRICKEN** from the court's active docket.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this order to the pro se Plaintiff.

Entered this \_\_24th\_\_ day of July, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

-4-

Case 6:14-cv-00026-NKM   Document 5   Filed 07/24/14   Page 4 of 4   Pageid#: 28